# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| CLINTON LEE POORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:19-cv-01929-LSC-JHE |
| | ) | |
| CHIEF DEPUTY BAILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On June 7, 2021, the magistrate judge entered a report and recommendation that the plaintiff's claims be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.  (Doc. 16).  The magistrate judge advised the plaintiff of his right to file specific written objections within 14 days.  (Doc. 16 at 28-29).  On June 24, 2021, the court received the plaintiff's timely objections.  (Doc. 17).

In his second amended complaint, the plaintiff challenged numerous conditions within the Tuscaloosa County Jail as violations of his constitutional rights. (Doc. 15).  In his objections, the plaintiff simply disagrees with the magistrate judge's conclusion that he failed to state a claim upon which relief may be granted. (Doc. 17).  The plaintiff asks the court to apply leniency and allow his claims to go forward.  (*Id.* at 1-2).  He also asserts the defendants are at fault for his delay in filing

this action, which caused some of his claims to be barred by the applicable statute of limitations. (*Id.* at 2, 10). While the plaintiff is due leniency as a *pro se* litigant, the court cannot re-write his complaint to include facts the plaintiff did not provide or excuse his failure to file his action in a timely manner. *See e.g., Martinez v. Warden*, 848 F. App'x 864, 866-67 (11th Cir. 2021) (citing *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168–69 (11th Cir. 2014)).

The plaintiff objects to the report and recommendation based on his belief that he described deprivations that suffice to establish constitutional violations. (Doc. 17 at 3-4). The plaintiff asserts he suffered harm, was constantly at risk of harm, defendants knew of the harm, and that the defendants failed to protect him. (*Id.* at 3). The plaintiff does not provide any factual basis for these contentions. Each of his specific allegations raised in his objections are considered below.

### 1. Claims Against the Sheriff

The plaintiff claims he should have been allowed to proceed against the Sheriff of Tuscaloosa County in his official capacity because the sheriff is ultimately responsible for the jail staff and their actions. (Doc. 17 at 2-3). However, as previously explained to the plaintiff, state officials in their official capacities are absolutely immune from suit. *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016) ("It is well established in this Circuit that Alabama sheriffs and their deputies

are state officials and are absolutely immune from suit as an officer of the state under the Eleventh Amendment.").

## 2. Medical Care

The plaintiff alleges he was denied treatment for a torn tendon in his shoulder. (Doc. 17 at 3). However, as set forth in the report and recommendation, the plaintiff did not dispute he was provided both medical care and medication for his shoulder. (Doc. 16 at 23). While he re-asserts his claims that he was denied his asthma medication and CPAP machine (doc. 17 at 8), as found in the report and recommendation, the plaintiff merely alleges his private physicians had prescribed treatments, which the jail doctor did not continue. (Doc. 16 at 24-25). Nothing in the plaintiff's amended complaint demonstrated deliberate indifference by the jail doctor or that the failure to follow the same course of treatment prescribed by his private physicians had any specific negative effect on his health.

## 3. General Conditions of Confinement

The plaintiff complains about the lack of hygiene products, the lack of free haircuts, the lack of nail clippers, pull only dental care, and overcrowding. (Doc. 17 at 4). None of these conditions, standing alone or considered in conjunction with each other, describe conditions so extreme that a constitutional violation could be found to exist. The plaintiff's reliance on *DeSpain v. Uphoff*, 264 F.3d 965 (10th Cir. 2001), does not assist him, as the facts of that case include prisoners left for two

days in flooded cells containing feces and urine, with food provided on carts pushed through the flood waters. Nothing in the facts in this case rises to that level. Similarly, *Gillis v. Litscher*, 468 F.3d 488 (7th Cir. 2006), does not apply here, as *Gillis* concerned immensely harsh conditions specifically imposed as punishment on prisoners assigned to a supermax facility.

### 4. Lack of Access to Courts

The plaintiff complains of lack of access to the courts while in the Tuscaloosa County Jail. (Doc. 17 at 5). The plaintiff concedes he had counsel in his criminal action. (*Id.*). He contends the provision of two stamps and envelopes per month restricted his access to the courts, because he had to use his stamps and envelopes to communicate with his criminal counsel. (*Id.*). However, a prisoner must allege an actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement, as a "constitutional prerequisite." *Lewis v. Casey*, 518 U.S. 343, 351, 354-55 (1996). Here, the plaintiff points to no instance where he could not pursue an action due to lack of stamps, envelopes, or a law library. While *Bounds v. Smith*, 430 U.S. 817, 828 (1977), guarantees the right of access to the courts, prisoners have no freestanding right of access to a law library or to legal materials beyond its impact on access to courts. *See Lewis*, 518 U.S. at 350–51. As set forth in the report and

recommendation, the plaintiff failed, and continues to fail, to identify any actual injury from the lack of stamps and envelopes.  (*See* doc. 16 at 17).

### 5.  Daily Exercise

The plaintiff asserts he did not receive one hour outside daily.  (Doc. 17 at 5). No constitutional right to one hour of outdoor recreation per day exists.  *See e.g., Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979), on reh'g, 636 F.2d 1364 (5th Cir. 1981) ("Our cases have never held that convicted prisoners have a constitutional right to outdoor exercise."); *Perkins v. Caldwell*, 2020 WL 8091051, *2 (S.D. Ga. Oct. 20, 2020), report and recommendation adopted, 2021 WL 54017 (S.D. Ga. Jan. 6, 2021) ("Plaintiff also alleges denial of outdoor access, which is insufficient to establish imminent danger of serious physical injury."); *Daker v. Dozier*, 2019 WL 826481, *8 (M.D. Ga. Feb. 21, 2019) (holding the lack of outdoor recreation, standing alone, failed to state claim).  The denial of outdoor exercise, without more, fails to state a claim of constitutional proportion.

### 6.  Insufficient Food

The plaintiff challenges the finding that he failed to set forth sufficient facts to state a viable claim based on the Tuscaloosa County Jail meals.  (Doc. 17 at 6). As previously explained to the plaintiff, inadequate nutrition does not set forth a stand-alone constitutional claim.  (Doc. 16 at 18).  Rather, as with most conditions of confinement claims, a plaintiff must identify a specific injury that results from the

condition in question. The plaintiff does not assert he required any sort of medical treatment because of lack of food or otherwise suggest the nutritional questionability of the meals posed an unreasonable risk of serious harm to his future health. *See e.g. Moulds v. Bullard,* 345 F. App'x 387, 393 (11th Cir. 2009). His allegations do not demonstrate that the defendants wantonly or knowingly failed to provide "reasonably adequate food." *Hamm v. DeKalb Co.,* 774 F.2d 1567, 1575 (11th Cir. 1985). On that basis, the magistrate judge properly concluded the plaintiff failed to state a claim of constitutional proportion.

### 7. Plumbing and Heating Issues

The plaintiff also revisits his allegations that cells flooded and that the jail lacked heat during one week in winter. (Doc. 17 at 7-8). There are no allegations in the plaintiff's amended complaint that these conditions were intended as punishment, or that jail officials took no actions to have prompt repairs made. He does not allege he was kept in a freezing cell without blankets. The plaintiff's claims do not rise to a level of constitutional proportion. *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991) (holding conditions only violate the constitution when they are used as punishment, thus faulty heat does not state a constitutional claim, even with objectively serious harm); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (affirming dismissal of Eighth Amendment claim based on confinement in cell for four days with overflowing toilet).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court finds the objections are due to be **OVERRULED**. The magistrate judge's report is due to be **ADOPTED** and the recommendation is **ACCEPTED**. The court shall **DISMISS** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** on July 2, 2021.

_____
L. Scott Coogler
United States District Judge

160704